1  **WO**

2  NOT FOR PUBLICATION

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James M. Houston,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Arizona State Board of Education, a political sub-division of the State of Arizona, et al.,<br><br>　　　　Defendants. | No. CV-10-8160-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for a Temporary Restraining Order Issued Without Notice Due to Impending Unconstitutional Action(s) to be Undertaken by Defendants Leading to Additional Claims for Civil Rights Violations being Asserted by the Plaintiff (Doc. 10). For the following reasons, the Court denies the Motion.

This action arises out of Plaintiff's claims that the Arizona State Board of Education denied his civil rights by voting to deny him a teaching certification; in addition to filing the instant lawsuit, Defendant has appealed the administrative action to the Superior Court, and, after apparently having been denied relief there, is pursuing relief at the Arizona Court of Appeals. Plaintiff now seeks a temporary restraining order without notice to prevent Defendants from revoking his substitute teaching license and notifying other states of that revocation.

///

**1. Plaintiff's Failure to Comply With Fed. R. Civ. P. 65(b)**

The first reason the temporary restraining order without notice will be denied is that Plaintiff provides no specific facts in his affidavit accompanying the motion suggesting that he will suffer immediate and irreparable injury, loss, or damage "before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b) (1). Further, the attorney must certify in writing as to "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(2). Plaintiff, has not said why he should be granted a TRO without even permitting the Board of Education to challenge his claims, or why this Court should take action before even advising the Board of Education of this request. He has not established how, in the time prior to the December 6 hearing in which the Board of Education might have responded to his allegation he would likely suffer immediate and irreparable injury, loss or damage due to the action of the Board. The Board thus has had no adequate opportunity to address Plaintiff's claims because despite the pendency of his suit for several months now, Plaintiff has not yet served any of the Defendants including the Board of Education even with the underlying suit. Therefore, Plaintiff is not entitled to the entry of a TRO without notice in this case.

Second, in his motion for TRO, Plaintiff apparently acknowledges that he is appealing the ruling already made by the Maricopa County Superior Court denying him relief on his administrative appeal from the action of the Arizona Board of Education. He alleges that if the Board is allowed to proceed in revoking his substitute teaching certificate it will only necessitate further administrative appeals within the state court appellate system. Assuming that such is true, as based on Plaintiff's Motion it appears to be, this Court should abstain from exercising any further jurisdiction over this matter pursuant to the *Colorado River* and/or the *Younger* abstention doctrines. These matters are being handled in the state administrative and judicial systems and duplicate proceedings in a federal court system would be contraindicated.

Third, "the standard for issuing a [temporary restraining order] is the same as that for issuing a preliminary injunction." *Phillips v. Fremont Inv. & Loan*, 2009 WL 4898259 at *1

1  (D. Ariz. Dec. 11, 2009) (citing *Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007)). Therefore, a district court may grant a preliminary injunction or temporary restraining order under two sets of circumstances. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009). First, a plaintiff must demonstrate: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Id.* (internal quotations omitted). Alternatively, a temporary restraining order or preliminary injunction is appropriate "if the plaintiff demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of the hardships tips sharply in [its] favor." *Id.* (internal quotations omitted).

In this case, Plaintiff does not set forth a basis, supported by evidence in an admissible form, that establishes that it would likely be a violation of Plaintiff's constitutional rights for the Defendants to revoke his substitute teaching certificate. Although Plaintiff has alleged certain irregularities in the earlier Board of Education proceedings and their transcription, he has not yet persuasively demonstrated, at least at this point in the proceedings, how those irregularities result in a deprivation of his constitutional rights. Many of Plaintiff's assertions about what amounts to a deprivation of his federal rights are unsupported, and appear to be meritless. For example, Plaintiff's assertion that "[i]t is axiomatic that [it is unconstitutional] for the Defendants to utilize as the basis to pursue disciplinary action against the Plaintiff an administrative decision that is under appellate review," is both unsupported by authority and unpersuasive, especially in absence of any legal citation supporting the assertion. Further, as above-stated, Plaintiff has not served Defendants with his motion, nor has he justified why they should not have an opportunity to respond to it prior to the entry of a preliminary injunction. In the absence of a strong likelihood or probable success on the merits, or even a serious questions about the merits of the case, Plaintiff does not qualify for a Temporary Restraining Order Without Notice.

1 **IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (Doc. 10) is **DENIED**.

DATED this 2nd day of December, 2010.

*G. Murray Snow*
United States District Judge